ROBERT G. DREHER
Acting Assistant Attorney General
PAUL D. BARKER, JR.
Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resource Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0434
Fax: (202) 305-0506
pbarker@usdoj.gov

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
J. BRETT GROSKO, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0342
Fax: (202) 305-0275
brett.grosko@usdoj.gov

Attorneys for Defendants

JAMES J. TUTCHTON (CA Bar No. 150908)
Tutchton Law Office, LLC
6439 E. Maplewood Ave.
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtonlo@gmail.com

STUART NICHOLAS WILCOX (Pro Hac Vice)
Stuart Wilcox LLC
1840 Vine St. #5
Denver, CO 80206
Tel: (720) 331-0385
stuart.wilcox5@gmail.com

STEVEN SUGARMAN (Pro Hac Vice Application Forthcoming)
347 County Road 55A
Cerrillos, New Mexico  87010
Tel: (505) 672-5082
stevensugarman@hotmail.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| CONSERVATION CONGRESS,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, and UNITED STATES FISH AND WILDLIFE SERVICE,<br>Defendants. | Case No.: 2:13-cv-01977-JAM-DAD<br><br>JOINT STIPULATION FOR STAY OF PROCEEDINGS |

Plaintiff Conservation Congress, by its undersigned counsel, and Defendants United States Forest Service ("Forest Service") and United States Fish and Wildlife Service ("Fish and Wildlife Service"), by their undersigned counsel, hereby jointly stipulate to a stay of proceedings in this case and request the Court's approval of the stipulation.

Plaintiff challenges a Forest Service fuel reduction and timber sale project, the Smokey Project (the "Project"), proposed on the Mendocino National Forest. Plaintiff alleges that the Project will impact northern spotted owls, a threatened species under the Endangered Species Act ("ESA"), as well as the species' habitat. Plaintiff also raises claims that the Forest Service violated the National Environmental Policy Act and the National Forest Management Act by approving the Project. Plaintiff seeks to have the Court enjoin the Project from proceeding, among other relief.

The Forest Service has suspended operations on the Project and no work has yet taken place. Furthermore, the Forest Service intends in the near future to re-initiate ESA consultation with the Fish and Wildlife Service regarding the impact of the Project on northern spotted owls and their habitat. As part of that consultation, the Fish and Wildlife Service will reconsider the biological opinion at issue herein regarding such impacts and may issue a new biological opinion. If it does, Plaintiff will likely seek to reconsider its current claims and amend its complaint to revise those claims.

The parties wish to avoid having the Court or parties expend time and resources on claims that are reasonably likely to become moot when the re-initiation of ESA consultation is complete. Accordingly, Plaintiff and Defendants respectfully stipulate to and request a stay of these proceedings to preserve judicial resources and the parties' resources. The parties have included in this Stipulation a schedule for apprising the Court of the parties' respective positions and progress to efficiently manage the case.

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may enter a stay "pending resolution of independent proceedings which bear upon the case . . . . whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the

action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (stay may serve the interests of judicial economy by allowing development of factual and legal issues). In this case, a stay will conserve the Court's resources, and will allow the parties to avoid preparing pleadings and motions that may well become moot after ESA consultation is complete.

For these reasons, and for good cause shown, the parties stipulate as follows and request that the Court approve this stipulation:

1. The case is stayed and all current deadlines and due dates are vacated.
2. Until the ESA consultation is complete, the Defendants shall submit a status report apprising the Court of the status of the ESA consultation no later than 60 days after the date the case is stayed, and every 60 days thereafter until consultation is complete.
3. The Forest Service will promptly transmit to Plaintiff a copy of any new Biological Assessment that it prepares for purposes of the re-initiated ESA consultation, as soon as reasonably possible after the document has been transmitted to the Fish and Wildlife Service. Likewise, as soon as the Fish and Wildlife Service transmits a Biological Opinion or document to the Forest Service to complete the re-initiated consultation, a copy of that Biological Opinion or other document shall be promptly

provided to Plaintiff, and in any event no later than the Notice contemplated in Paragraph 4 below.

4. Defendants will file a Notice with the Court and counsel as soon as reasonably possible after Defendants have completed the re-initiated ESA consultation ("Defendants' Notice"). The stay will expire when Defendants' Notice is filed.

5. Plaintiff will file a Notice with the Court and counsel no later than 14 days after Defendants' Notice is filed informing the Court and Defendants whether Plaintiff intends to file an amended complaint regarding the Project ("Plaintiff's Notice").

6. If no amended complaint is to be filed, Defendants will file an answer or response to Plaintiff's original complaint no later than 14 days after receiving Plaintiff's Notice. In addition, no later than 28 days after Plaintiff's Notice is filed, the Parties will file a Joint Status Report addressing the issues contemplated in the Court's September 23, 2013 Order Requiring Joint Status Report.

7. If Plaintiff's Notice states that Plaintiff intends to file an amended complaint, its amended complaint will be filed no later than 77 days after the date that Defendants' Notice is filed. Defendants will file an answer or response no later than 28 days after the date the amended complaint is filed. No later than 42 days after the filing of the amended complaint, the Parties will file a Joint Status Report addressing the issues

contemplated in the Court's September 23, 2013 Order Requiring Joint Status Report.[1]

8. The Forest Service will give Plaintiff 15 days notice before lifting the suspension of operations on the Project and will not lift the suspension of operations on the Project before 15 days following the filing of Defendants' Notice that the re-initiated ESA consultation is complete.

For all the foregoing reasons, the Plaintiff and Defendants request that the Court approve this Joint Stipulation for Stay of Proceedings.

It is so ordered this 6th day of December, 2013.

/s/ John A. Mendez

The Honorable John A. Mendez
United States District Court Judge

[1] The parties contemplate that Plaintiff might actually need to file two amended complaints in this action, since new citizen's suit claims against the Forest Service cannot be pled until sixty days have elapsed from the time that Plaintiff provides the Forest Service notice of its intent to sue under the citizen's suit provision of the ESA. 16 U.S.C. § 1540(g)(2). If there were a need for Plaintiff to seek interim injunctive relief within that sixty day period, then Plaintiff would likely file a First Amended Complaint pleading those new claims which are ***not*** ESA citizen's suit claims as the basis for its motion for interim injunctive relief. If Plaintiff indicates an intent to amend its complaint two times, as set out above, then the parties contemplate that Federal Defendants will answer only ***after*** the complaint has been amended a second time.

Respectfully submitted this 6th day of December, 2013,

_/s/Stuart Nicholas Wilcox____
*(signed by filer with written authorization provided on December 6, 2013)*
JAMES J. TUTCHTON (CA Bar No. 150908)
Tutchton Law Office, LLC
6439 E. Maplewood Ave.
Centennial, CO 80111
Tel: (720) 301-3843
jtutchtonlo@gmail.com

STUART NICHOLAS WILCOX
(Pro Hac Vice)
Stuart Wilcox LLC
1840 Vine St. #5
Denver, CO 80206
Tel: (720) 331-0385
stuart.wilcox5@gmail.com

STEVEN SUGARMAN
(Pro Hac Vic Application Forthcoming)
347 County Road 55A
Cerrillos, New Mexico 87010
Tel: (505) 672-5082
stevensugarman@hotmail.com

Attorneys for Plaintiff

ROBERT G. DREHER
Acting Assistant Attorney General

_/s/ Paul D. Barker, Jr._
PAUL D. BARKER, JR.
Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resource Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0434
Fax: (202) 305-0506
pbarker@usdoj.gov

SETH M. BARSKY, Chief
S. Jay Govindan, Assistant Chief
J. BRETT GROSKO, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0342
Fax: (202) 305-0275
brett.grosko@usdoj.gov

Attorneys for Defendants