UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants,<br><br>    and<br><br>TRINITY RIVER LUMBER COMPANY,<br><br>    Defendant Intervenor. | No. 2:13-cv-01977-JAM-DB<br><br>**FINAL JUDGMENT** |

On February 17, 2017, the Court entered its Order on the Motions for Summary Judgment ("Merits Order"). ECF No. 121. The Court granted Federal Defendants' and Intervenor's Motions with respect to the Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for Relief and the Supplemental Complaint and denied Plaintiff's Motion with respect to those claims. The Court granted Plaintiff's Motion with respect to the First and Fourth Claims for Relief. The Court then ordered supplemental briefing

1

on the appropriate remedy in this case and held a hearing on this issue on May 16, 2017. The Court has reviewed the parties' briefs for the original and supplemental motions, the evidence submitted therewith, as well as the proposed orders, and is fully advised. This Judgment Order incorporates the facts, reasoning, and conclusions contained in the Merits Order.

**I. Remand**

The Court's Merits Order found the Forest Service violated the National Environmental Policy Act (NEPA), for which the presumptive remedy is a remand to the agency for additional explanation or investigation. Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). The parties do not dispute, and the Court agrees, that a remand to the agency is appropriate. ECF No. 125 at 1; ECF No. 129 at 2-3; ECF No. 130 at 23. Instructions on remand are included under "Final Judgment," *infra*.

**II. Vacatur**

Whether to vacate an agency action "depends on how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" Cal. Cmtys. Against Toxics v. U.S. E.P.A., 688 F.3d 989, 992 (9th Cir. 2012) (quoting Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150-51 (D.C. Cir. 1993)).

The Court finds that vacatur of the Smokey Project Decision Notice/Finding of No Significant Impact (DN/FONSI) is not warranted. On the whole, the Court found that USFS complied with its NEPA obligations; Plaintiff lost its Motion for Summary Judgment on the majority of its claims. Two of the deficiencies

the Court found—the unclear LOPs and failure to address past monitoring efforts—were not, in these circumstances, serious errors. The flaws will be cured on remand and Plaintiff will have an opportunity to respond to the supplemental documents. See Cal. Cmtys. Against Toxics, 688 F.3d at 993 ("[A]ny disadvantage petitioners suffered can be corrected on remand when they will have an opportunity to comment meaningfully on the documents."). The changes are unlikely to affect the project design or decision. See Pollinator Stewardship Council v. U.S. E.P.A., 806 F.3d 520, 532 (9th Cir. 2015) ("We have also looked at whether the agency would likely be able to offer better reasoning or whether by complying with procedural rules, it could adopt the same rule on remand, or whether such fundamental flaws in the agency's decision make it unlikely that the same rule would be adopted on remand.").

The Court does view the failure to consider a large diameter cap as a serious error. However, vacatur is subject to equitable considerations and the Court does not find it just to vacate the entire decision—which was largely supported by the administrative record—on this basis. See Pollinator Stewardship Council, 806 F.3d at 532 (quoted above); Sierra Forest Legacy v. Sherman, 951 F. Supp. 2d 1100, 1106 (E.D. Cal. 2013) ("[T]he determination of when to remand without vacatur should not be limited to situations where it is necessary to avoid environmental harm, but should instead be based on a broader examination of the equities."); Cal. Cmtys. Against Toxics, 688 F.3d at 993 ("A flawed rule need not be vacated. Indeed, when equity demands, the regulation can be left in place while the agency follows the

necessary procedures to correct its action.") (citations omitted). The broad consequences of vacatur are unwarranted. A remedy tailored to the facts of this case and the Court's Merits Order is the more equitable and just result.

**III. Injunctive Relief**

A plaintiff seeking injunctive relief to remedy a NEPA violation must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156–57 (2010).

Although an injunction is a drastic remedy and generally disfavored where vacatur is sufficient to redress a plaintiff's injury, see Monsanto Co., 561 U.S. at 165–66, a tailored injunction is the appropriate remedy in these circumstances. As noted above, the failure to address or consider a large diameter cap was a serious error. See 40 C.F.R. § 1502.14 (Alternatives analysis "is the heart of the environmental impact statement."); Merits Order at 31-37. An injunction that prevents the removal of large diameter trees while the agency corrects the NEPA analysis will address this deficiency and ensure that the Project does not proceed in a manner that precludes the possibility of the agency adopting a diameter cap. This outcome accounts for the agency's error while also permitting some progress on the Project in the interim.

The Court finds that absent a narrow injunction Plaintiff will suffer an irreparable injury not compensable by monetary damages. "[E]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable." League of Wilderness Def. v. Connaughton, 752 F.3d 755, 764-65 (9th Cir. 2014). The felling of the large diameter trees cannot be remedied easily if at all. See id. ("The logging of mature trees, if indeed incorrect in law, cannot be remedied easily if at all."). The Court acknowledges that, as Defendants and Intervenor argue, Plaintiffs have not established that cutting those trees will result in irreparable harm to the northern spotted owl. A contrary finding could not flow from the Court's conclusion that the decision not to prepare an EIS was not arbitrary or capricious. Merits Order at 24-28. Instead, the Court is satisfied that the irreparable harm prong is met by the procedural harm Plaintiff suffered coupled with the permanent removal of trees that may be unnecessary to achieve the Project's purpose and need. See Today's IV, Inc. v. Fed. Transit Admin, 2014 WL 5313943, at *20-22 (C.D. Cal. Sep. 12, 2014) ("[P]rocedural harm is insufficient by itself to warrant an injunction.") (finding irreparable harm where agency failed to adequately address alternative constructive methods; construction would preclude later use of the plaintiffs' preferred alternative, construction would be disruptive, and plaintiffs would be denied an opportunity to participate in a meaningful NEPA process). Between the evidence submitted on the summary judgment motions and that submitted with the supplemental briefs,

the irreparable harm prong is met.  See ECF No. 103-1, 2, & 3 (Declarations of Conservation Congress members); ECF No. 125-1, 2, 4, & 5 (Supplemental Declarations).

The balance of the hardships and public interest support a narrow injunction.  The injunction will address Plaintiff's interests in seeing the agency consider (briefly or in detail) a large diameter cap and receiving an opportunity to participate in that analysis.  The Defendants' and Intervenor's interests in seeing the Project move forward are accounted for in the narrow scope of the injunction.  The parties may apply to dissolve the injunction once USFS satisfies its NEPA obligations.  A narrow injunction also accounts for the public's interest.  The Court makes no finding with respect to the competing accounts of whether the removal of large trees will abate fire risk.  However, in the absence of an imminent threat and because the Project may proceed in limited form, the public's interest in requiring agencies to follow NEPA procedures and make well-informed decisions in managing the nation's forests favors injunctive relief.

There is a concern, however, that an injunction imposing an 18 inch dbh diameter cap will hurt the Project's economic viability and effectively halt all operations this year.  See Taylor Decl., ECF No. 131; Williams Decl., ECF No. 129-1. Defendants submitted evidence that USFS is presently considering diameter caps of 18, 20, and 24 inches and—based on preliminary analysis and assuming the Project's other parameters stay the same—has found that an 18 inch cap would drastically reduce the timber volume.  Williams Decl. at ¶¶ 28-31.  Increasing the

diameter cap by 2 inches is expected to increase the number of acres treated from 18 acres to 246 acres and the timber produced from 3,189 CCF to 4,368 CCF. Williams Decl. at ¶¶ 28-31. Although the Court cannot determine that this difference is sufficient to ameliorate the economic harm Intervenor is concerned with, a 20 inch dbh diameter cap should at least afford Defendants and Intervenor more leeway in finding ways to move forward with the Project while USFS completes the NEPA analysis. At the May 16, 2017 hearing, Defendants and Intervenor also indicated that if the Court were to grant limited injunctive relief, they preferred a 20 inch dbh cap over an 18 inch dbh cap.

**IV. Final Judgment**

Based on the foregoing, the Court remands the Project to USFS. ECF No. 121. Although courts typically refrain from issuing instructions on remand, the parties each proposed instructions which were discussed in detail at the hearing. Based on those recommendations the Court instructs as follows:

1. USFS shall prepare supplemental NEPA analysis that cures the NEPA violations identified in the Court's Merits Order and complies with the applicable statutes;

2. Should USFS conclude that no EIS is required, USFS shall circulate the analysis and draft revised DN/FONSI to the public;

3. USFS shall accept objections for a 20-day period from any party eligible to object under 36 C.F.R. § 218.5 (USFS is not required to accept public comment during remand other than during the objection period specified herein); and

4. USFS shall complete its supplemental NEPA documentation

```
 1  and public involvement process no later than December 1, 2017.
 2       The Court further orders that Defendants and Intervenor are
 3  enjoined from removing any trees with 20 inches dbh or greater in
 4  implementing the Project.  The Court will retain jurisdiction to
 5  dissolve this limited injunction upon a showing that USFS has
 6  complied with this Court's Order and satisfied its obligations
 7  under NEPA.  The Court declines to vacate the DN/FONSI or require
 8  USFS to cancel its contract with Intervenor.
 9       IT IS SO ORDERED.
10  Dated: May 26, 2017
```

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE