Dennis L. Porter (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone: (916) 381-8300
Fax: (916) 381-8726
dlporter2@yahoo.com

Lawson Fite (Ore. Bar #055573), *Pro Hac Vice*
Scott W. Horngren (Ore. Bar #880604), *Pro Hac Vice*
American Forest Resource Council
5100 S.W. Macadam, Suite 350
Portland, Oregon 97239
Telephone: (503) 222-9505
Fax: (503) 222-3255
lfite@amforest.org
shorngren@amforest.org

Attorneys for Defendant-Intervenor

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　Defendants,<br><br>　　and<br><br>TRINITY RIVER LUMBER COMPANY, a California Corporation,<br><br>　　Defendant-Intervenor. | No. 2:13-cv-01977-JAM-DB<br><br>**DEFENDANT-INTERVENOR'S JOINDER IN MOTION TO DISSOLVE INJUNCTION [ECF 162]**<br><br>Date:　February 27, 2018<br>Time:　1:30 p.m.<br>Ctrm:　6<br><br>The Honorable John A. Mendez |

*Conservation Congress v. United States Forest Service et al.,* No. 2:13-cv-01977-JAM-DC
Defendant-Intervenor's Joinder in Motion to Dissolve Injunction - 1

Defendant-Intervenor Trinity River Lumber Co. (Trinity) joins in federal defendants' motion to dissolve the limited injunction (ECF No. 162), as follows.

1.  As noted in federal defendants' papers, Mot. at 3, Trinity determined that implementing the Smokey project in 2017 was not economically feasible with the 20″ dbh (diameter at breast height) cap on tree removal under the Final Judgment Order (ECF No. 142). *See* Third Decl. of Bryan Taylor, ECF No. 131 ¶ 9. The timber from the Smokey Project remains important to Trinity's operations, *see id.* ¶ 7, and will provide continued employment for 135-140 mill workers and 30 project-specific contractors. *Id.* ¶¶ 4, 5, 7.

The project is also needed to address poor forest health conditions. As Mr. Taylor observed:

> [T]he Forest Service identified the need to reduce fuels in 2012 and conditions in the forest have only gotten worse. The current stand conditions consist primarily of dominant white fir and mixed conifer stands. The treatments of these stands are necessary to meet the purpose and need for this project.

*Id.* ¶ 8. Accordingly, "[t]he treatments proposed for the Smokey Project will reduce stand density, which will accelerate tree growth and improve stand vigor making the stands more resilient to catastrophic fires." *Id.* Mr. Taylor submitted examples of poor forest health conditions, which the project is still needed to address. *See id.* ¶¶ 12-18.

2.  The supplemental NEPA documentation prepared by the Forest Service complies with the Court's directives. The Court required the Forest Service to "prepare supplemental NEPA analysis that cures the NEPA violations identified in the Court's Merits Order and complies with the applicable statutes[.]" Judgment at 7. It also required the agency, if it concluded no EIS is required, to circulate its analysis and draft decision and accept objections from interested parties. *Id.*

The Forest Service completed the procedural steps. It circulated a draft Supplemental

*Conservation Congress v. United States Forest Service et al.,* No. 2:13-cv-01977-JAM-DC
Defendant-Intervenor's Joinder in Motion to Dissolve Injunction - 2

Environmental Assessment in late September, indicating its continued determination that no EIS is required, and plaintiff submitted a timely objection letter.  ECF No. 162-2 (Att. B) at 1; Legal Notice, Sept. 27, 2017, published in the *Chico Enterprise Record*;[1] Draft Decision Notice, Sept. 25, 2017.[2]  The Forest Service carefully reviewed plaintiff's objection, noting that several of the issues raised were not germane to the Court's remand order.  Att. B at 3; ECF No. 162-3 (Att. C).  Nevertheless, the Forest Service considered whether the objection raised any legal or policy issues.  *Id.*  The Forest Service concluded that its 2012 Decision Notice/Finding of No Significant Impact was still valid, and issued an Affirmation of its decision on November 27, meeting the Court's December 1, 2017 deadline.  ECF No. 162-1 (Att. A); Judgment at 8.

The Forest Service's Supplemental Environmental Assessment (SEA), ECF No. 162-6 (Att. F), addressed and analyzed the three deficiencies identified by the Court's merits order: clear statement of Limited Operating Periods, SEA at 11-15, compliance with ESA monitoring requirements, SEA at 15-19, and consideration of alternatives with limits on the diameter of trees removed.  SEA at 7-11.  The Forest Service determined that none of the diameter cap alternatives "could simultaneously meet the two most vital elements of the Smokey Project's purpose and need: *protection of mid- and late- successional forest habitat*, and *reducing fuel hazard* (a threat to such habitat and other resources)."  Affirmation at 1.  Because these alternatives do not meet the purpose and need, detailed consideration of these alternatives was not required.  16 U.S.C. § 6514(c)(1); 40 C.F.R. § 1508.9(b); *WildWest Inst. v. Bull*, 547 F.3d 1162, 1166 (9th Cir. 2008).  Although not required to by the Court, the Forest Service also clarified the extent of the various

---

[1] Available electronically *at* http://a123.g.akamai.net/7/123/11558/abc123/ forestservic.download.akamai.com/11558/www/nepa/107696_FSPLT3_4053555.pdf .

[2] Available electronically *at* http://a123.g.akamai.net/7/123/11558/abc123/ forestservic.download.akamai.com/11558/www/nepa/107696_FSPLT3_4053589.pdf .

*Conservation Congress v. United States Forest Service et al.,* No. 2:13-cv-01977-JAM-DC
Defendant-Intervenor's Joinder in Motion to Dissolve Injunction - 3

types of silvicultural and fuels treatments.  SEA at 20-22.

3. The supplemental analysis carries a presumption of regularity, *Aguayo v. Jewell*, 827 F.3d 1213, 1226 (9th Cir. 2016), so the Court need not evaluate the merits of the remand decision before dissolving the injunction.  *See Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005) (whether or not agency's decision following remand "was arbitrary is a determination that must be made in [Plaintiffs'] separate APA action challenging [Defendant]'s post-remand decisions."); *Fed. Elec. Comm'n v. Akins*, 524 U.S. 11, 25 (1998) (stating an agency may properly "reach the same result for a different reason" on remand).  A particular lawsuit "challenge[s] a particular agency order," and if a plaintiff wants to challenge a new final agency action, the APA requires it to "bring a *separate suit*."  *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 159-60 (2010) (emphasis added); *Today's IV, Inc. v. Fed. Transit Admin.*, No. LACV13-378-JAK (PLAx), 2016 WL 741685, at *7 (C.D. Cal. Feb. 5, 2016) (declining to address eight alleged failures in a supplemental EIS because they were "outside the scope of this litigation and the Injunction Order at issue") (citing *Monsanto*).  To the extent plaintiff claims that purported deficiencies in the supplemental NEPA documentation weigh against dissolution, Trinity will address those claims on reply.

Applying an injunction prospectively is no longer equitable if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  *Horne v. Flores*, 557 U.S. 433, 447 (2009); *Conservation Cong. v. United States Forest Serv.*, No. 2:12-02416 WBS KJN, 2016 WL 1162676, at *1 (E.D. Cal. Mar. 24, 2016).  A "significant change" is one relating to the "underlying reasons" for an injunction.  *Moon v. GMAC Mortg. Corp.*, No. C08969Z, 2008 WL 4741492, at *2 (W.D. Wash. Oct. 24, 2008) (citing *United States v. Swift & Co.*, 189 F.Supp. 885, 905 (N.D. Ill.1960), *aff'd per curiam*, 367

U.S. 909 (1961)).  Once an injunction's goals have been obtained, equity compels courts to dissolve the injunction "promptly."  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 442 (2004).

The Forest Service has now conducted the supplemental process directed by the Court's merits order, so grounds for the injunction have ceased to exist.  An injunction premised on completion of a certain administrative process should be dissolved once the process is completed.  *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 559 (9th Cir. 2000) (dissolving injunction following supplemental studies of sensitive species and old growth and snag standards).  Equity weighs strongly in favor of the Court dissolving the injunction.

Respectfully submitted this 4th day of January, 2018.

<u>/s/ Dennis L. Porter</u>
Dennis L. Porter (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone: (916) 381-8300
Fax: (916) 381-8726
dlporter2@yahoo.com

<u>/s/ Lawson Fite</u>
Lawson Fite (Ore. Bar #055573), *Pro Hac Vice*
Scott W. Horngren (Ore. Bar #880604), *Pro Hac Vice*
American Forest Resource Council
5100 S.W. Macadam, Suite 350
Portland, Oregon 97239
Telephone: (503) 222-9505
Fax: (503) 222-3255
lfite@amforest.org
shorngren@amforest.org

Attorneys for Defendant-Intervenor

*Conservation Congress v. United States Forest Service et al.,* No. 2:13-cv-01977-JAM-DC
Defendant-Intervenor's Joinder in Motion to Dissolve Injunction - 5

CERTIFICATE OF SERVICE

I, Lawson Fite, hereby certify that I, on January 4, 2018, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated:  January 4, 2018              /s/ Lawson Fite
                                     Lawson Fite

*Conservation Congress v. United States Forest Service et al.,* No. 2:13-cv-01977-JAM-DC
Defendant-Intervenor's Joinder in Motion to Dissolve Injunction - 6