UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE,<br>UNITED STATES FISH AND<br>WILDLIFE SERVICE,<br><br>        Defendants,<br><br>    &<br><br>TRINITY RIVER LUMBER COMPANY,<br><br>        Defendant<br>        Intervenor. | No.  2:13-cv-1977-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL** |

Conservation Congress ("Plaintiff") seeks to enjoin commencement of the Smokey Project while its lawsuit remains pending on appeal. For the reasons set forth below, Plaintiff's motion is denied.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 7, 2018.

1

I.   BACKGROUND

On February 17, 2017, this Court ruled on the parties' cross-motions for summary judgment.  The Court ruled in favor of Conservation Congress on two of its claims, finding that the United States Forest Service failed to take a "hard look" and failed to develop a reasonable range of alternatives in its analysis of the Smokey Project.  See Order Re Plaintiff's Motion and Defendants' Cross Motion for Summary Judgment, ECF No. 121. The Court granted Defendants' cross motion for summary judgment on Plaintiff's remaining claims.  Id.  Following a round of supplemental briefing, the Court issued its Final Judgment, in which it remanded the NEPA analysis to the United States Forest Service to cure the violations identified in the summary judgment order and enjoined the removal of any trees with 20 inches dbh or greater in implementing the Smokey Project.  Final Judgment, ECF No. 142.  In December of 2017, Defendants moved to amend the judgment (to dissolve the injunction) on the grounds that the supplemental analysis had been completed.  ECF No. 162.  The Court granted the motion and dissolved the injunction on March 2, 2018.  ECF No. 171.

II.   OPINION

A.   Legal Standard

Although Plaintiff frames its motion to the Court as a request for a "stay" pending appeal, Plaintiff is asking the Court to enter an injunction pending appeal.  See Nken v. Holder, 556 U.S. 418, 428-29 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo,' while injunctive relief 'grants judicial intervention that has been withheld by lower courts.'")

(citation omitted). Federal Rule of Civil Procedure 62(c) makes available an injunction pending appeal. A motion for injunction pending appeal is governed by a legal standard like that for a preliminary injunction. Conservation Congress v. U.S. Forest Service, 803 F. Supp. 2d 1126, 1129 (E.D. Cal. 2011). Therefore, to obtain an injunction pending appeal, Plaintiff must establish it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of [] relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Alternatively, Plaintiff may obtain injunctive relief if it shows that there are serious questions going to the merits, the balance of the hardships tip sharply in Plaintiff's favor, and the other two Winter's factors are satisfied. See Alliance for the Wild Rockies v. Pena, 865 F.3d 1211, 1217 (9th Cir. 2017).

B. Analysis

1. Merits

The Court has carefully evaluated Plaintiff's challenges to the USFS's and FWS's analyses and conclusions related to the Smokey Project at each stage of this litigation. Its detailed analysis of these claims is set forth in its Order Re Plaintiff's Motion and Defendants' Cross Motion for Summary Judgment, ECF No. 121, Final Judgment, ECF No. 142, and Order Granting Defendants' Motion to Amend the Judgment and Dissolve the Injunction, ECF No. 162. Plaintiff has not identified any critical errors in the Court's findings or analysis that would cause the Court to question the validity of the conclusions it has already drawn.

See Mot. at 9-20. The Court therefore does not find Plaintiff is likely to succeed on the merits of its claims.

At most, the issues Plaintiff reiterates in its motion might raise serious questions going to the merits. However, because the equitable factors in this case weigh against granting the extraordinary relief requested, the Court need not make a finding on these challenges.

### 2. Irreparable Harm

The Court previously entered a limited injunction in this case after finding that the procedural harm Plaintiff suffered—namely, the agency's failure to address or consider a large diameter cap during its NEPA analysis—coupled with the permanent removal of trees that might otherwise be protected by such a cap consisted irreparable harm. Final Judgment at 4-5. As Defendants and Intervenor point out, the Court found USFS's supplemental NEPA process ameliorated the procedural harm. See Def. Opp'n at 7; Int. Opp'n at 17-18; Order Granting Defendants' Motion to Amend the Judgment and Dissolve the Injunction at 22. The Court reiterates that finding here: the USFS's additional post-judgment analysis cured the identified procedural harm.

Plaintiff's motion therefore turns on irreparable harm to the environment, specifically as it relates to the Northern Spotted Owl. Plaintiff need not demonstrate a threat of extinction to the species to meet its burden. Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 886 F.3d 803, 819 (9th Cir. 2018). But, "irreparable injury requires harm 'significant' to the 'overall population.'" Defs. of Wildlife v. Salazar, 812 F. Supp. 2d 1205, 1210 (D. Mont. 2009); see Pac. Coast Fed'n of

Fishermen's Ass'ns v. Gutierrez, 606 F. Supp. 2d 1195, 1254 n. 12 (E.D. Cal. 2008) ("Other district courts have issued injunctive relief where an agency action would cause harm to a small number of individual species' members, but always under circumstances in which the loss of those individuals would be significant for the species as a whole.").

Through its cited evidence, Plaintiff has shown a possibility of harm to several NSOs that live in Smokey Project area. However, in the face of competing evidence, the Court cannot conclude that the stated harm is irreparable. Further, Plaintiff has not shown a likelihood of irreparable harm to the species. Although an extinction level threat is not necessary to warrant relief, the harm inflicted must still befall the species and not only individual members.

### 3. Balance of Equities and Public Interest

To obtain injunctive relief, Plaintiff must establish that the balance of the equities and public interest weigh in favor of granting such relief. Where, as here, Plaintiff has not shown a likelihood of success on the merits, Plaintiff must establish serious questions going to the merits and that the balance of the equities tip sharply in Plaintiff's favor. See Alliance for the Wild Rockies v. Pena, 865 F.3d at 1217.

Plaintiff does not address these two factors in its moving papers. It mentions, in passing, that there is a "strong public interest in the preservation of the little remaining late successional and old growth forest habitat in northwestern forests and the lack of any countervailing non-monetary interest in the immediate harvest of commercial timber in the Smokey

5

Project area." See Mot. at 22.  This cursory treatment of these equitable factors fails to address the overarching aim of the project: reducing the risk of fire hazards and restoring forest stands in the Smokey Project area.  Because of this deficiency, as well as the arguments and evidence cited in the two Oppositions, the Court does not find that the equitable factors weigh in favor of granting relief.  Plaintiff has not shown it is entitled to the extraordinary relief it seeks.

### III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Stay Pending Appeal.

IT IS SO ORDERED.

Dated:  August 16, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE