STEVEN SUGARMAN, NM 5717 (*pro hac vice*)
347 County Road 55A
Cerrillos, NM 87010
(505) 672-5082
stevensugarman@hotmail.com

JAMES J. TUCHTON, Cal. 150908
6439 E. Maplewood Ave.
Centennial, CO 80111
(720) 301-3843
jtutchtonlo@gmail.com

*Attorneys for Plaintiff*

(Additional counsel listed on next page)

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| CONSERVATION CONGRESS, | No. 2:13-CV-01977-JAM-DB |
| Plaintiff, | **PLAINTIFF'S AND FEDERAL DEFENDANTS' SETTLEMENT AGREEMENT AND STIPULATION RESOLVING AND WITHDRAWING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, ECF NOs. 151 and 192** |
| v. | |
| UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Federal Defendants, | |
| and | Hon. John A. Mendez |
| TRINITY RIVER LUMBER CO., | |
| Defendant-Intervenor. | |

JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

HAYLEY A. CARPENTER, CA Bar No. 312611
Natural Resources Section
PO Box 7611
Washington, DC 20044-7611
(202) 305-0242
hayley.carpenter @usdoj.gov

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
Wildlife & Marine Resources Section
PO Box 7611
Washington, DC 20044-7611

*Attorneys for Federal Defendants*

WHEREAS, on May 30, 2017, this Court entered a Final Judgment in this matter, ECF No. 142, entering judgment in favor of Plaintiff on two claims under the National Environmental Policy Act;

WHEREAS, Plaintiff filed its Motion for Attorneys' Fees, ECF No. 151, and a Stipulation to stay litigation on that Motion on June 16, 2017, seeking attorneys' fees and costs from Federal Defendants pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g)(4);

WHEREAS, Plaintiff renewed its Motion for Attorneys' Fees, ECF No. 192, on August 6, 2019;

WHEREAS, Plaintiff's Motion for Attorneys' Fees remains pending;

WHEREAS, Plaintiff and Federal Defendants have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation;

NOW THEREFORE, it is stipulated and agreed to by Plaintiff and Federal Defendants as follows:

# Settlement Agreement

1. Federal Defendants hereby agree, by way of compromise and settlement, to settle Plaintiffs' claim for attorneys' fees, costs, and expenses for the sum of one hundred and forty thousand dollars ($140,000) for any and all claims for attorneys' fees, costs, and expenses related to this litigation. Federal Defendants make this agreement in reliance on Plaintiff's attestation in the declaration attached hereto that they qualify as "parties" under EAJA.

2. Payment(s) of the settlement funds shall be accomplished by mailing a check to Denise Boggs, the Executive Director of Conservation Congress.

3. Plaintiff agrees to accept payment(s) totaling $140,000 in full satisfaction of any and all claims for attorneys' fees, costs, and expenses related to the above-captioned litigation. Plaintiff hereby releases any and all claims and/or potential claims under any statute or other authority, including but not limited to 33 U.S.C. § 1365(d), 28 U.S.C. § 2412(d)(1)(A), and 16 U.S.C. § 1540(g)(4), for any and all costs of litigation, attorneys' fees, expert fees, and court costs.

4. Upon the execution and filing of this Settlement Agreement, Plaintiff's Motion for Attorney's Fees, ECF No. 151, and its renewal of that Motion, ECF No. 192, are hereby withdrawn with prejudice.

5. Plaintiff and its attorneys agree to hold Federal Defendants harmless in any litigation, further suit, or claim arising from the payment(s) of the agreed-upon settlement.

6. Pursuant to 31 U.S.C. § 3711; 26 U.S.C. § 6402(d); 31 C.F.R. § 285.5, 901.3, and other authorities, the United States will offset against the settlement amount any delinquent debts that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

7. This Settlement Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in this case. It does not represent an admission by any Party to any fact, claim, or defense concerning any issue in this case.

8. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available, or to take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9. This Settlement Agreement has no precedential value and shall not be used as evidence either by Plaintiff or Federal Defendants in any other litigation except as necessary to enforce the terms of this Agreement.

10. The undersigned representatives of Plaintiff and Federal Defendants certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind such Parties to it.

11. Nothing in the terms of this Settlement Agreement shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

12. This Settlement Agreement represents the entirety of the undersigned Parties' commitments with regard to settlement of claims for attorneys' fees, costs, and expenses.

13. The terms of this Settlement Agreement shall become effective upon execution of this Settlement Agreement. The Parties agree that this Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute the same instrument. Facsimile or scanned signatures submitted by electronic mail shall have the same effect as an original signature in binding the parties.

IN WITNESS THEREOF, this Settlement Agreement between Plaintiff and Federal Defendants has been duly executed by their authorized legal representatives.

Respectfully submitted this 22nd day of December, 2019.

| | |
|---|---|
| /s/ *Steven Sugarman* (with permission on 1/7/2020)<br>STEVEN SUGARMAN, NM 5717 | JEAN E. WILLIAMS<br>Deputy Assistant Attorney General<br>United States Department of Justice |

| | | |
|---|---|---|
| | (*pro hac vice*)<br>347 County Road 55A<br>Cerrillos, NM 87010<br>(505) 672-5082<br>stevensugarman@hotmail.com<br><br>JAMES J. TUCHTON, Cal. 150908<br>6439 E. Maplewood Ave.<br>Centennial, CO 80111<br>(720) 301-3843<br>jtutchtonlo@gmail.com<br><br>*Attorneys for Plaintiff* | Environment & Natural Resources Division<br>/s/ *Hayley A. Carpenter*<br>HAYLEY A. CARPENTER, CA Bar No. 312611<br>Trial Attorney<br>Natural Resources Section<br>PO Box 7611<br>Washington, DC 20044-7611<br>(202) 305-0242<br>hayley.carpenter@usdoj.gov<br><br>SETH M. BARSKY, Chief<br>S. JAY GOVINDAN, Assistant Chief<br>Wildlife & Marine Resources Section<br>PO Box 7611<br>Washington, DC 20044-7611<br><br>*Attorneys for Federal Defendants* |

# ORDER

The Court having considered the stipulation of the parties, IT IS SO ORDERED.

Dated: 1/22/2020            /s/ John A. Mendez_____
                            Hon. John A. Mendez
                            United States District Court Judge